UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EILEEN G.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-6144 RSM

**ORDER REVERSING DENIAL OF BENEFITS**

    Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred by rejecting the opinion of Justin B. Taylor, M.D., that she could stand/walk less than two hours per day. Dkt. 16. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

    Plaintiff is 51 years old, has a high school education, and has worked as a stock clerk, sales attendant, delivery route driver, material handler, and sub assembler. Dkt. 14, Admin. Transcript (Tr.) 30-31. Plaintiff applied for benefits in May 2016, and alleges disability as of the application date. Tr. 96, 130. Plaintiff's applications were denied initially, on reconsideration, and in an August 2018 ALJ decision. Tr. 118, 145, 181-94. The Appeals Council remanded the

ORDER REVERSING DENIAL OF
BENEFITS - 1

case to the ALJ to reevaluate Dr. Taylor's opinion. Tr. 203-05.

On remand, after conducting a hearing in December 2019, the ALJ issued a decision in January 2020 finding Plaintiff not disabled. Tr. 16-33, 91-116. In pertinent part, the ALJ found that, with Plaintiff's severe impairments of lumbar degenerative disc disease status post fusion, obesity, and right leg neuropathy, she had the residual functional capacity (RFC) to perform light work, standing and walking two hours per day. Tr. 19, 23.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     The ALJ Erred by Discounting Dr. Taylor's Opinions**

Dr. Taylor examined Plaintiff in August 2016 and opined her "[m]aximum standing and walking capacity" was "[l]ess than two hours" per day. Tr. 793.

In the 2018 decision, the ALJ gave "great weight to [Dr. Taylor's opinion that Plaintiff] would be able to stand and walk for less than two hours" per day, finding it "well supported by the accompanying evaluation and … consistent with the objective medical evidence, as well as the claimant's own reports of her activities of daily living." Tr. 190-91. However, the ALJ found Plaintiff had the RFC to "stand and walk for two hours" per day. Tr. 187. The Appeals Council remanded the case to the ALJ to address the discrepancy. Tr. 203-04.

In the 2020 decision at issue here, the ALJ gave "little weight" to Dr. Taylor's opined stand/walk limitation because Dr. Taylor provided "little narrative explanation"; his opinion was inconsistent with the medical record; and he relied heavily on Plaintiff's self-reports. Tr. 29.

The ALJ could reject Dr. Taylor's opinion only by giving "specific and legitimate"

reasons supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

The ALJ's finding that Dr. Taylor provided little narrative explanation was unsupported by substantial evidence. Dr. Taylor explained his standing and walking limitation by noting Plaintiff was "limited due to degenerative disc disease of the spine and chronic right leg pain related to surgical changes." Tr. 793. By comparison, State agency non-examining physician Howard Platter, M.D., explained his two-hour standing/walking limitation by stating, "Due to left foot pain, back pain & reduced [range of motion]." Tr. 171. The ALJ gave "great weight" to Dr. Platter's opinions, which were no more detailed than Dr. Taylor's. Tr. 28. Lack of narrative explanation was not a specific and legitimate reason to discount Dr. Taylor's opinion.

Inconsistency with objective evidence in the medical record can be a specific and legitimate reason for rejecting the opinion of an examining doctor. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). The ALJ cited observations of Plaintiff "ambulating normally." Tr. 29. However, walking normally for a few seconds across a doctor's office does not contradict Dr. Taylor's opinion that Plaintiff can walk less than two hours per day. The ALJ also cited examinations from a "prior Washington State Labor & Industries claim." Tr. 29. However, the ALJ failed to identify any specific findings that contradicted Dr. Taylor's opinion. Inconsistency with the medical evidence was not a specific and legitimate reason to discount Dr. Taylor's opinion.

The ALJ found Dr. Taylor "appears to have relied heavily on the claimant's self-reports," which the ALJ discounted. Tr. 29. The ALJ offered no evidence to support this finding. Dr. Taylor cited degenerative disc disease, supported by his review of several spinal imaging studies. Tr. 790, 793. Furthermore, his examination revealed multiple objective abnormalities, including

ORDER REVERSING DENIAL OF
BENEFITS - 3

1 positive straight leg raise test results; reduced range of motion in the neck, back, and hip; absent

2 deep tendon reflexes; and myalgias.  Tr. 792-93.  The ALJ's finding that Dr. Taylor relied

3 heavily on Plaintiff's self-reports is unsupported by substantial evidence.

4       The Court concludes the ALJ erred by discounting Dr. Taylor's opinion without a

5 specific and legitimate reason.

6 **B.**    **Scope of Remand**

7       Plaintiff "request[s] that on remand the case be assigned to a different ALJ." Dkt. 16 at

8 5. Plaintiff contends "there was no change in the medical record or finding justifying a change in

9 the ALJ's position" between the 2018 and 2020 decisions.  Dkt. 18 at 2.  The Commissioner

10 speculates that the ALJ, in the 2018 decision, may have misread Dr. Taylor's opinion as two

11 hours instead of less than two hours.  Dkt. 17 at 6.  However, this speculation is contradicted by

12 the ALJ specifically writing "less than two hours" when describing Dr. Taylor's opinion in the

13 2018 decision.  Tr. 190.

14       ALJs in Social Security disability cases are presumed to be unbiased.  *See Schweiker v.*

15 *McClure*, 456 U.S. 188, 195 (1982).  "This presumption can be rebutted by a showing of conflict

16 of interest or some other specific reasons for disqualification."  *Id.*  Plaintiff contends the change

17 in the ALJ's assessment of Dr. Taylor's opinions "demonstrates a clear motivation to change her

18 findings in order to support a desired outcome rather than changing the outcome to make it

19 consistent with the medical evidence."  Dkt. 18 at 3.

20       Plaintiff's argument fails to meet the heavy burden of showing bias in this case.  There is

21 no dispute that the ALJ made a logical error in the 2018 decision, by accepting a medical opinion

22 limiting Plaintiff to less than two hours standing/walking, yet formulating an RFC that allowed

23 two hours standing/walking.  In order to remedy this logical error, the ALJ needed to change her

ORDER REVERSING DENIAL OF
BENEFITS - 4

assessment of either the opinion or the RFC. That the ALJ chose one approach over the other is not a sufficient showing of bias to rebut the presumption of impartiality. Accordingly, the Court declines to direct the Commissioner to reassign this case on remand. However, nothing in this Order should be read to prevent the Commissioner from reassigning this matter to a different ALJ on remand.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Taylor's opinions, reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 30th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE